1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEGGY W.,

                    Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

                  Defendant.

CASE NO. C19-6138-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14
15
16
17
18

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19

**FACTS AND PROCEDURAL HISTORY**

20
21

Plaintiff was born on XXXX, 1951.[1]   She has a 10th-grade education and a GED, and has worked as an office manager and childcare provider.  (AR 44, 50.)

22
23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for DIB in January 2012. (AR 160-61.) That application was denied and Plaintiff timely requested a hearing. (AR 109-11, 113-14, 120-21.)

In July 2013, ALJ Rebekah Ross held a hearing, taking testimony from Plaintiff, Plaintiff's sister, and a vocational expert (VE). (AR 38-87.) In August 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 21-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in March 2015 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 611-19.) In May 2016, ALJ Joanne Dantonio held a hearing, taking testimony from Plaintiff and a VE. (AR 532-80.) In January 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 506-22.)

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 1380-88.) In November 2018, ALJ Dantonio held another hearing, taking testimony from Plaintiff, two medical experts (MEs), and a VE. (AR 1312-49.) In March 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 1286-1302.)

Plaintiff now seeks judicial review of the ALJ's decision.[2]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining

---

[2] Hereinafter, the Court refers to this most recent decision as "the ALJ's decision" and uses "the ALJ" to refer to Judge Dantonio, unless otherwise specified.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity during the adjudicated period, running from the alleged onset date of July 24, 2011, to the date last insured (DLI) of December 31, 2014.  (AR 1288.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found that during the adjudicated period, Plaintiff's fibromyalgia v. myalgias, and status post treatment for cancer with hand and foot pain and numbness were severe impairments.  (AR 1289-95.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that during the adjudicated period, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 1295.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found that during the adjudicated period, Plaintiff was capable of performing light work with additional limitations: she could not climb ladders, ropes, or scaffolds, but could occasionally climb stairs.  She could occasionally stoop, kneel, crouch, crawl, and balance. She could frequently handle and finger.  She should avoid hazards such as unprotected heights and moving machinery.  With that assessment, the ALJ found Plaintiff able to perform her past relevant work as a receptionist, legal secretary, and office manager.  (AR 1301-02.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  Because the ALJ found Plaintiff capable of performing her past relevant work, the ALJ did not proceed to step five.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1   (AR 1302.)

2        This Court's review of the ALJ's decision is limited to whether the decision is in

3   accordance with the law and the findings supported by substantial evidence in the record as a

4   whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

5   than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

6   mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

7   (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

8   decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

9   2002).

10        Plaintiff argues the ALJ erred in (1) relying on reasoning found erroneous in a prior court

11   remand order, (2) failing to account for the impact of Plaintiff's chemotherapy on her mental

12   functioning, (3) assessing the medical opinion evidence, (4) discounting the lay statements, and

13   (5) failing to proceed to step five of the sequential evaluation.  The Commissioner argues that the

14   ALJ's decision is supported by substantial evidence and should be affirmed.

15                              Remand order

16        At step two, the ALJ found that prior to the DLI, Plaintiff had no severe mental impairment.

17   (AR 1290-92.)  The ALJ relied in part on the opinion of examining psychologist Lezlie Pickett,

18   Ph.D., in reaching that conclusion.  (AR 1291.)  Dr. Pickett examined Plaintiff in February 2012

19   and wrote a narrative report describing Plaintiff's symptoms and limitations.  (AR 438-46.)

20   Plaintiff argues that the ALJ erred in citing Dr. Pickett's opinion as establishing Plaintiff's

21   activities (namely caring for her husband, driving, visiting the casino, socializing with her sister,

22   and helping at her sister's daycare) because a prior court remand found such reasoning to be

23   erroneous and because Dr. Pickett's opinion lacks specificity as to how or how frequently Plaintiff

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

performed her activities. Dkt. 14 at 6-7.

Plaintiff does not cite any portion of a court remand order indicating that a reliance on Dr. Pickett's description of Plaintiff's activities in discounting her mental allegations is erroneous. Plaintiff quotes a prior court remand as indicating that Dr. Pickett's description of Plaintiff's activities lacks specificity as to their physical requirements (Dkt. 14 at 7 (quoting AR 1386)), but the portion of the current ALJ's decision that Plaintiff challenges does not cite Plaintiff's activities as described in Dr. Pickett's opinion for the purposes of discounting physical allegations.  Thus, Plaintiff has not shown that the ALJ "repeats the mistake from the last decision regarding claiming [activities of daily living] were inconsistent with a claim of disability."  Dkt. 14 at 6.

### Chemotherapy

Plaintiff argues that the ALJ erred in discounting her alleged mental limitations without considering the impact of her chemotherapy.  Dkt. 14 at 8-9.  Plaintiff argues that although the ALJ cited several medical opinions in assessing her mental limitations, none of them address the chemotherapy residuals that Plaintiff contends cause disabling mental limitations.  *Id.*

Contrary to Plaintiff's argument, however, the ALJ's decision details Plaintiff's allegations of chemotherapy-related limitations.  (*See* AR 1290-94.)  The ALJ notes that although Plaintiff alleged problems understanding and remembering, the only cognitive testing in the record showed no impairment, and Plaintiff repeatedly declined consultation with a psychiatrist for further treatment.  (AR 1290-92.)  Furthermore, the ALJ noted that although Plaintiff's oncologist indicated that memory deficits can result from chemotherapy, the oncologist did not test Plaintiff for such deficits.  (AR 1292 (citing AR 501).)  Plaintiff has not shown that the ALJ overlooked any evidence of cognitive limitations caused by chemotherapy or any other condition, and therefore has failed to establish error in the ALJ's decision in this respect.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

<u>Medical opinion evidence</u>

Plaintiff contends that the ALJ erred in assessing certain medical opinions, which the Court will address in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3]  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>Steven Goldstein, M.D.</u>

In this case, Plaintiff argues that the ALJ erred in assigning significant weight to the testimony of Dr. Goldstein, an ME who testified at the most recent administrative hearing (AR 1315-37), because the ALJ failed to appreciate that Dr. Goldstein was "not qualified to render an opinion on a cancer patient." Dkt. 14 at 11.  Plaintiff has failed to establish error in the ALJ's decision in this respect, however: the ALJ's decision addresses Plaintiff's functioning years after she was declared cancer-free, and Plaintiff has not shown that Dr. Goldstein was not qualified to opine as to her functioning during the adjudicated period.  Moreover, Dr. Goldstein testified that he had experience treating patients post-chemotherapy.  (AR 1331-33.)  Counsel raised his

---

[3] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

concerns regarding Dr. Goldstein's lack of experience as an oncologist at the hearing, and the ALJ overruled the objection on the grounds that Dr. Goldstein was qualified to testify based on his experience treating people who had undergone chemotherapy.  (AR 1317-18.)   Under these circumstances, Plaintiff has not shown that the ALJ failed to appreciate the scope of Dr. Goldstein's qualifications.

Plaintiff also emphasizes that Dr. Goldstein testified that her cancer met Listing 13.23, but that her treatment was effective in removing the cancer, and that by the time of a 2016 consultative examination, she was doing much better.  (AR 1322-24.)  Plaintiff notes that her cancer was diagnosed in 2008, her alleged onset date is in 2011, and her DLI is in 2014, and therefore, based on Dr. Goldstein's testimony, it is not clear how long she continued to meet Listing 13.23 and perhaps she was disabled for some or all of the adjudicated period. Dkt. 14 at 11-12.

The Commissioner accurately notes that Plaintiff was declared cancer-free in 2008, after completing eight rounds of chemotherapy, which predates the alleged onset date by several years and makes clear that she did not meet Listing 13.23 during the adjudicated period.  *See* Dkt. 15 at 8; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 13.23.  Plaintiff has not pointed to any evidence showing that she met or equaled the requirements of Listing 13.23 during the adjudicated period, and thus has failed to meet her burden to establish error in the ALJ's step-three findings.  Accordingly, the Court finds that Plaintiff has not established error with respect to Dr. Goldstein's testimony regarding Listing 13.23.

Lastly, Plaintiff raises concern regarding Dr. Goldstein's testimony about Plaintiff's alleged neuropathy.   Dr. Goldstein noted that Plaintiff's treating oncologist opined that chemotherapy can cause neuropathy in some patients, and that Plaintiff reported experiencing neuropathy, but Dr. Goldstein stated that he did not see any objective evidence confirming

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

neuropathy in Plaintiff's record. (AR 1326-30.) Counsel cross-examined Dr. Goldstein regarding the type of testing that could have confirmed Plaintiff's neuropathy. (AR 1332-36.) Although Plaintiff notes that the ALJ found that one of counsel's questions had been asked and answered (AR 1335-36), and Plaintiff questions that ruling (Dkt. 14 at 12), the transcript reflects that Dr. Goldstein had in fact already answered that question. (AR 1333.) Thus, Plaintiff has not shown that the ALJ improperly limited counsel's questioning of Dr. Goldstein on his understanding of Plaintiff's neuropathy.

<u>Barbara Goff, M.D.</u>

Dr. Goff treated Plaintiff's cancer and continued to follow up on Plaintiff's condition since her cancer remission, to ensure that she remains cancer-free. (AR 499-502.) In July 2013, Dr. Goff provided an opinion regarding the impact of Plaintiff's chemotherapy on her functioning. (*Id.*) Dr. Goff opined that Plaintiff's self-report of being able to use her hands for manipulation for only up to 1/3 of a day due to neuropathy was reasonable, and that Plaintiff would not be able to stand/walk for six hours out of an eight-hour workday. (AR 500-01.)

The ALJ summarized Dr. Goff's opinion and explained that she gave it partial weight because the opinion lacked specificity, because it was not informed by a review of the entire record, and because it was inconsistent with Plaintiff's activities, such as working at a daycare, performing household chores, helping her daughter move, and spending hours at the casino. (AR 1299-1300.)

Plaintiff claims that Dr. Goff's opinion was sufficiently specific (Dkt. 14 at 12-13), but Plaintiff does not address the specificity provided by the ALJ: Dr. Goff was asked if Plaintiff could stand/walk six hours in an eight-hour workday, and Dr. Goff opined that she could not, but the ALJ emphasized that Dr. Goff did not provide an opinion about Plaintiff's maximum capabilities and did not opine about Plaintiff's ability to perform sedentary work, which the ALJ had found

her capable of performing.  (AR 1300.)  Dr. Goff's opinion is indeed vague in the way identified by the ALJ, and Plaintiff has not shown that the ALJ erred in discounting the opinion on that basis. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Plaintiff also challenges the ALJ's citation to her activities as a reason to discount Dr. Goff's opinion.  Plaintiff argues that the ALJ erred in pointing to the description of her activities as recorded by examining psychologist Dr. Pickett, because Dr. Pickett's report is not reliable because she "almost always diagnos[e]s malingering."  Dkt. 14 at 13.  Plaintiff's reference to several opinions authored by Dr. Pickett wherein she diagnoses malingering (AR 1554-1678) does not in itself establish that there is anything "questionable" about Dr. Pickett's evaluations (Dkt. 14 at 13).[4]  Moreover, the activities Plaintiff reported to Dr. Pickett, such as performing household chores, managing laundry, shopping for groceries, cooking, mowing the lawn, washing dishes, and walking the dog, reasonably undermine Dr. Goff's affirmance of Plaintiff's report that she could not perform manipulative activities with her hands for more than one-third of a workday.  The other activities listed by the ALJ, such as working in a daycare, helping her daughter move, and spending hours at a casino, are also reasonably inconsistent with the manipulative limitations affirmed by Dr. Goff.  The ALJ did not err in discounting Dr. Goff's opinion in light of the inconsistency between the limitations identified and Plaintiff's self-reported activities.  *See Rollins*

---

[4] Even if, as suggested by an ME at the most recent administrative hearing, Dr. Pickett's malingering diagnosis is "a little bit of a stretch" (AR 1341), it does not necessarily follow that Dr. Pickett's report inaccurately describes Plaintiff's self-reported activities.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

*v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Lastly, to the extent that Plaintiff contends that Dr. Goff is "the only doctor qualified to opine on the nature of [Plaintiff's] cancer condition and the effects of treatment" (Dkt. 14 at 13), Plaintiff is mistaken: many doctors examined Plaintiff and rendered medical opinions about Plaintiff's ability to function during the adjudicated period, and performed testing that Dr. Goff did not perform that directly addressed her functional limitations during the adjudicated period. There exists a conflict in the medical opinions as to the extent of Plaintiff's functional limitations (*e.g.*, between Dr. Goff's opinion and Dr. Goldstein's testimony), and because of that conflict, the ALJ's reasons to discount Dr. Goff's opinion must be specific and legitimate. *See Lester*, 81 F.3d at 830-31. For the reasons explained herein, the Court finds that the ALJ's reasons satisfy that standard.

<u>Lay statements</u>

Plaintiff's former employer, Timothy Coogan, completed a form opinion describing Plaintiff's job performance from 1998 through 2010, when she worked as the office manager for his law office. (AR 189-90.) Plaintiff's sister, Judy Schmidt, testified at the first administrative hearing regarding Plaintiff's functioning before and after cancer treatment. (AR 74-79.) The ALJ gave little weight to the statements of Mr. Coogan and Ms. Schmidt. (AR 1301.)

An ALJ must provide germane reasons to discount a lay statement. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the ALJ's reasons to discount the lay statements are not germane. Dkt. 14 at 14-15.

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

Mr. Coogan

With respect to Mr. Coogan's statement, the ALJ noted that Plaintiff stopped working for Mr. Coogan prior to the alleged onset date, and thus Mr. Coogan's description of Plaintiff's limitations does not pertain to the adjudicated period and could instead be referring to the time when Plaintiff was undergoing her cancer treatment. (AR 1301.) This a germane reason to discount Mr. Coogan's statement because he did not address Plaintiff's functioning during the adjudicated period.

The ALJ also noted that although Mr. Coogan described problems with focus and finishing tasks, Plaintiff's concentration and memory testing results were normal during the adjudicated period. (*Compare* AR 190 *with* AR 442-46.) As also emphasized by the ALJ, an ME who testified at the most recent administrative hearing was asked whether the cognitive impairments described by Mr. Coogan were supported by the record, and the ME opined that they were not and that Dr. Pickett's memory testing contradicted Mr. Coogan's statement. (AR 1343-44.) These are additional germane reasons to discount Mr. Coogan's statement. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

Ms. Schmidt

The ALJ summarized Ms. Schmidt's hearing testimony and found that it was contradicted by Plaintiff's own description of her ability to work at Ms. Schmidt's daycare, a consultative physical examination, and the memory/concentration testing performed by Dr. Pickett. (AR 1301.) The ALJ also noted that Plaintiff reported an ability to spend hours at a casino, care for her ill husband, and was observed to have normal posture/gait, which contradicted Ms. Schmidt's testimony that Plaintiff could not stand for very long. (AR 1301.) The ALJ further found Ms.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

1    Schmidt's testimony that Plaintiff could only sit for 15 minutes at a time without moving around

2    and stomping her feet was contradicted by her reports of spending hours at the casino, and Dr.

3    Pickett observed Plaintiff sitting for 90 minutes of testing without stomping her feet.  (AR 1301

4    (referencing AR 441).)

5          Plaintiff argues that the ALJ erred in finding that her casino activities contradicted Ms.

6    Schmidt's testimony because there is no information in the record showing that her casino

7    activities involved more standing or sitting than Ms. Schmidt described.  Dkt. 14 at 15.  Even if

8    this is true, and the ALJ erred in finding Plaintiff's casino activities to be inconsistent with Ms.

9    Schmidt's testimony, the ALJ cited medical evidence inconsistent with Ms. Schmidt's testimony,

10   which is an independent germane reason to discount Ms. Schmidt's testimony.  *Lewis*, 236 F.3d at

11   511.  Thus, Plaintiff has identified at most harmless error in the ALJ's assessment of Ms. Schmidt's

12   testimony.

13                                          Step five

14         Plaintiff notes that the ALJ did not proceed to step five in the sequential evaluation process,

15   claiming that if the ALJ had proceeded to step five, the ALJ would have been compelled by the

16   medical vocational guidelines to find Plaintiff disabled.  Dkt. 14 at 15-16.  Plaintiff lists this fact

17   as an assignment of error.  Dkt. 14 at 1.

18         Indeed, the ALJ found Plaintiff not disabled at step four.  (AR 1301-02.)  Plaintiff has not

19   established error in the ALJ's step-four findings, or shown that the ALJ erred in failing to proceed

20   to step five.  Thus, this assignment of error fails.

21   / / /

22   / / /

23   / / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12

1

## **CONCLUSION**

2

For the reasons set forth above, this matter is AFFIRMED.

3

DATED this 3rd day of August, 2020.

4

5

6
Mary Alice Theiler
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13